UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     CRIMINAL NO. 17-cr-20366

v.                                HON. MARK A. GOLDSMITH

D-1  SOLOMON ISRAEL,

       Defendant.

_____/

**OPINION AND ORDER**
**OF DETENTION PENDING SENTENCING**

Solomon Israel was initially ordered detained in this matter after Pretrial Services recommended detention and a detention hearing was held before the magistrate court (Dkt. 9). Israel subsequently sought review of the magistrate judge's detention order before this Court and was granted pre-trial release on July 20, 2017 (Dkt. 27). In granting release, the Court set several conditions, including that Israel "not violate federal, state, or local law while on release," "not apply for or enter into any loan or other credit transaction without the previous written permission of the pretrial services office or supervising officer," and "submit to location monitoring. . . ." (Dkt. 29).

On February 27, 2018, Israel pleaded guilty to one count of bank fraud, one count of aggravated identity theft, and nine counts of possession of forged state

securities. Israel's sentencing hearing was originally scheduled for June 5, 2018, but has been adjourned on multiple occasions. Israel's sentencing is currently scheduled to be completed on February 12, 2019.

Upon Israel's guilty plea, a presumption of detention was triggered. 18 U.S.C. § 3143(a) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence. . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."). As the Sixth Circuit Court of Appeals has noted, "[r]elease is no longer favored once guilt of a crime has been established. . . . Section 3143(a)(1) creates a presumption against release which the defendant must overcome." United States v. Bowman, 98 F.3d 1343 (6th Cir. 1996) (citations omitted). Notwithstanding this presumption, the Court allowed Israel to remain on bond after his guilty plea was entered.

On January 18, 2019, the government field an emergency motion to revoke Israel's bond after he was arrested while in possession of a credit card issued to a third party (Dkt. 74). After Israel's arrest, a criminal complaint was issued charging Israel with aggravated identity theft and attempted wire fraud (Exhibit A to Dkt.

74).[1]  That complaint was supported by a sworn affidavit of a United States postal

inspector.  That affidavit indicated, among other things, that:

- Israel attempted to pay for a medical procedure using a credit card number that was issued to a third party, L.W, and that payment was rejected by the credit card company.  (¶ 10.)

- After learning of Israel's attempt to use a credit card number issued to L.W., a law enforcement agent made a recorded call to Israel in which the agent posed as an employee of the medical office to which Israel has provided the card number.  During that recorded call, Israel was asked to again provide the credit card payment information that he would like to use for his upcoming medical procedure.  Israel then provided a credit card number ending in 7514.  (¶ 11.)

- During the recorded call, Israel was instructed to bring the 7514 credit card to his upcoming procedure, which was scheduled for January 18, 2019. (¶ 12.)

- Law enforcement subsequently determined that Israel was not an authorized user on the 7514 credit card number that he had provided. (¶ 13.)

- On January 18, 2019, Israel arrived at his medical procedure with the 7514 credit card.  That card bore the name of L.W., not Israel. (¶ 14.)

- After Israel presented the 7514 credit card to the surgery center, he was arrested by law enforcement. (¶¶ 15-16.)

- Law enforcement agents seized the card that Israel had presented at the surgery center. (¶ 17.)

On February 5, 2019, the Court held a bond review hearing. During that

hearing, the government presented additional evidence relating to the credit card

---

[1]     That complaint was subsequently dismissed, without prejudice, after the government filed a motion indicating that "[i]n light of Israel's pending sentencing, the government needs additional time to decide whether criminal prosecution of Israel for the offenses in this matter is in the public interest."  Dkt. 7, 19-MJ-30027.

account in L.W.'s name.  Specifically, the government presented evidence that law enforcement agents had visited the address associated with the account and spoke with a resident at that address.  That resident indicated that even though she had lived at the address for two years, she did not know anyone named L.W.  The government also presented evidence that the social security number associated with L.W.'s account had never actually been issued by the Social Security Administration.

At the hearing, Israel's counsel indicated that Israel had been provided L.W.'s credit card by either a friend or a relative.  Israel's counsel indicated that Israel was unwilling or unable to procure the testimony of either L.W. or the individual who had purportedly provided him with L.W.'s credit card.  Instead, Israel's counsel claimed that because some payments had been made for L.W.'s credit card account in the past, Israel's use and possession of L.W.'s credit card could not be fraudulent.

The Court finds that in light of the new information regarding Israel's use and possession of a credit card issued to L.W., and because of Israel's failure to offer credible evidence showing that he was authorized to engage in such activity, he has failed to rebut the presumption of detention mandated by 18 U.S.C. § 3143(a)(1). Consequently, Israel's release order is revoked and he is ordered detained pending the imposition of his sentence.

SO ORDERED.

Dated:  February 8, 2019                          s/Mark A. Goldsmith
         Detroit, Michigan                          MARK A. GOLDSMITH
                                                    United States District Judge